# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL S. FEATHER-GORBEY | * |
| Petitioner | * |
| v | *  Civil Action No. RDB-18-1602 |
| WARDEN, FCI-CUMBERLAND | * |
| Respondent | * |

## MEMORANDUM OPINION

In this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241, Petitioner Michael Gorbey alleges that the Federal Bureau of Prisons (BOP) has improperly denied him access to the Interstate Agreement on Detainers Act (IADA) process for a detainer filed against him by the State of Virginia for an alleged violation of probation. ECF 1. In response, Respondent filed a Motion to Dismiss or for Summary Judgment (ECF 5), which is opposed by Gorbey (ECF 7). Respondent filed a Reply. ECF 8. There is no need for a hearing to determine the issues pending before the Court. *See* Local Rule 105.6. For the reasons stated herein, the petition shall be dismissed and Respondent's motion, construed as a Motion for Summary Judgment, shall be granted.

## Background

Gorbey, who is serving a term of 252 months in the BOP, asserts that he has an active detainer lodged against him by the State of Virginia, for an "alleged felony probation violation in Fauquier County, Virginia." ECF 1 at p. 9.[1] He claims that under Virginia law, this is a new felony entitling him to a fast and speedy trial. *Id*. He asserts that despite that fact, the BOP is "openly denying me access to the IADA process resulting in prejudices." *Id*.

---

[1] Page numbers reference the page numbers assigned by the Court's electronic docket.

Gorbey further explains that the detainer was lodged on April 25, 2017, by the State of Virginia's "use of an illegal or otherwise unconstitutional 2010 Capias . . . issued some 1 month outside the 7 year statute of limitations." ECF 1 at p. 10. He states there was a 2003 Capias which expired and the 2010 Capias was "issued by the Court clerk without being order[ed] to do so by the Court in violation of double jeopardy and or collateral estoppel." *Id*. He characterizes this action as a "malicious abuse of process." *Id*.

On October 18, 2017, Gorbey states, the Fauquier Circuit Court ordered another Capias issued, which he claims is 7 years, 4 months beyond the expiration of the 2003 Capias. *Id*.

Gorbey claims that because the detainer and capias were active at his original sentencing by the District of Columbia court in 2008 and at his remand sentencing in 2014, his "sentence categories" were increased by one level, "extending the length of my present sentence." *Id*. at p. 11. Gorbey expects to be resentenced again because of other alleged sentencing errors by the D.C. Superior Court and the detainer again presents a problem with raising his sentencing guidelines, but the BOP will not allow him access to the IADA process to have the open charges addressed. *Id*. Further, Gorbey asserts that the detainer prohibits him from progressing to a lower security prison, or to participate in programming such as entry to a halfway house. *Id*.

As relief, Gorbey seeks an Order from this Court directing the BOP to "promptly file IADA fast and speedy trial demands to Fauquier Circuit Court" and unspecified compensatory damages. *Id*. at p. 12.

Respondent asserts that the petition should be dismissed because an alleged violation of the IADA does not state a sufficient ground for habeas relief and, in any event, the BOP properly concluded that Gorbey's detainer is not one to which the IADA process applies. ECF 5-1.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The IADA is an agreement among 48 states, the District of Columbia, and the United States that "creates uniform procedures for lodging and executing a detainer." *Alabama v.*

*Bozeman*, 533 U.S. 148 (2001). "The Agreement is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman v. Nash*, 473 U.S. 716, 719 (1985), citing *Cuyler v. Adams*, 449 U.S. 433, 438-442 (1981). "Art. III of the Agreement establishes a procedure by which a prisoner incarcerated in one party State (the sending State) may demand the speedy disposition of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" by another party State (the receiving State). *Carchman*, 473 U.S. at 720–21. The procedure was described the Supreme Court as follows:

> Art. III requires the warden to inform the prisoner that a detainer has been lodged against him and that he may request final disposition of the indictment, information, or complaint upon which the detainer is based. If the prisoner makes such a request, the warden must forward it, together with a certificate providing certain information about the prisoner's terms of confinement, to the appropriate prosecuting official and court of the receiving State. The authorities in the receiving State then must bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice, and the detainer will cease to be of any force or effect.

*Id*. at 721. Importantly, Art. III of the IADA clearly uses the phrase "untried indictment, information or complaint." Further,

> A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III. Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement, the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.

*Id*. at 725.

The central dispute involved in this case is whether the Capias to Show Cause issued by the Fauquier County Circuit Court is, as Gorbey contends in his Petition, a new felony charge

4

that falls within the purview of the IADA process, or it is, as Respondent contends, simply a violation of probation detainer that is excluded from that process. If it is not a detainer subject to the IADA process, as Respondent asserts, the issue of whether Gorbey has suffered prejudice because of the detainer is moot because his sole contention with respect to the BOP is that officials have improperly refused to process his IADA request for disposition of the detainer.[2] Based on the evidence before this Court it is clear the Capias Show Cause is a detainer for a violation of probation and the IADA provisions do not apply.

Gorbey attaches a copy of the Capias to Show Cause, which was filed as a detainer, to his Petition which describes the pending charge as "have probation revoked (19.2-306) and be sentenced in accordance with the law. Original charge(s): pos[session] [firearm] by felon/18.2-308.2 (19.2-305) failure to appear/ 19.2-128 (19.2-306)." ECF 1-1 at p. 2. The parenthetical statutory references are for Va. Code Ann. §19.2-306 which is entitled "Revocation of suspension of sentence and probation." Nothing in that statutory provision indicates that revocation of a suspended sentence is a "new felony," as advanced by Gorbey. ECF 1.

In his Opposition Response, Gorbey takes a slightly different stance and maintains that a violation of probation detainer is subject to the IADA process and further claims his due process and equal protection rights are violated by the refusal to provide access to that process to him. ECF 7 at pp. 6-8. He takes issue with Respondent's failure to cite any Virginia law to support its conclusion that a violation of probation detainer is not subject to the IADA. *Id*. at p. 8. Gorbey then argues that because Virginia law requires appointment of counsel in the context of a

---

[2] To the extent that Gorbey claims Virginia has violated its laws through the issuance of the Capias Show Cause, his challenge to the validity of that order must be litigated in the Virginia court. This Court does not have jurisdiction to consider an alleged violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions."), *see also Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (Federal courts do not have mandamus jurisdiction to command a State court to entertain a motion), codified in 28 U.S.C. §1361.

violation of probation hearing and requires trial within five months for persons in custody,[3] Virginia law provides "probationers due process and equal protection rights." *Id*. at pp. 8-9. He deduces from this that his due process and equal protection rights are violated by the BOP's denial of access to the IADA process. *Id*. at pp. 9-10.

Gorbey's recitation of case law guaranteeing due process to persons charged with a violation of probation is misplaced. The due process protections afforded to persons facing violation of probation charges are not determinative of whether the IADA applies to a detainer for a violation of probation charge. Rather, as noted above, the IADA is a federal law subject to federal construction. *Carchman*, 473 U.S. 716, 719. The indisputable and operative fact is that the detainer filed with the BOP by the State of Virginia against Gorbey is not subject to the IADA process requiring the filing State to dispose of the charges because it is not an untried indictment, information or complaint. "We hold that the guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, _ U.S._, 136 S. Ct. 1609, 1612 (2016). A violation of probation, like a violation of parole, is a case wherein the criminal defendant has already been tried and found guilty of the underlying criminal charges and the issue to be determined is whether the probationary requirements have been abridged.

Accordingly, by separate Order which follows, Respondent's Motion for Summary Judgment shall be granted.

\_\_\_November 6, 2018\_\_\_\_\_  
Date

_____/s/_____  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE

---

[3] *See* Va. Code Ann. §19.2-243.